UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF LOUISIANA
Shreveport Division

| | |
|---|---|
| MELISSA R HALL<br>Plaintiff<br><br>VS.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY<br>Defendant | ORIGINAL COMPLAINT ALLEGING BREACH OF AN INSURANCE CONTRACT OBLIGATING DEFENDANT TO PAY MONTHLY BENEFITS TO PLAINTIFF DURING HER DISABILITY<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.     This is an action by a participant in an insurer funded employee welfare benefit plan, requesting a trial by jury seeking judgment declaring Plaintiff to be entitled to the full amount of insurance benefits due because of her disability, for an award in the amount of those benefits, for an additional award of double the amount of the withheld benefits as a penalty, and for costs of bring this action, including a reasonable attorney's fee equaling 35% of all other sums awarded to Plaintiff.

2.     At all time pertinent hereto before May 5, 2012, Plaintiff was a registered nurse employed by LSU Health Science System in Shreveport, Louisiana.

3.     The LSU System established a n Employee Welfare Benefit Plan that provided a host of fringe benefits, including short term and long term disability insurance to its eligible participants.

4.     At all times pertinent hereto Plaintiff was an eligible participant in the Employee Welfare Benefit Plan established by her employer.

5.     The Employee Welfare Benefit Plan established by the LSU System is not subject to the Employee Retirement Income Security Act,  29 U.S.C. § 1101 et. seq. ("ERISA") because the

sponsor is a governmental entity and therefore exempt from the its provisions.

## PARTIES

6.      Plaintiff, Melissa R Hall ("Hall" or "Ms. Hall"), is a person of the full age of majority who is a Citizen of Caddo Parish, Louisiana.

7.      Defendant, Hartford Life and Accident Insurance Company ("Hartford") is a foreign insurer and citizen of the State of Connecticut who is authorized to do and doing business within the Western District of Louisiana.

## JURISDICTION

8.      Jurisdiction is based on complete diversity of citizenship, in accordance with 28 U.S.C. § 1332.

## VENUE

9.      Defendant Hartford is a large insurance company and Citizen of the State of Connecticut that regularly does business in and can be found within the Western District of Louisiana and can be served through the Louisiana Secretary of State.

## BACKGROUND

10.     At all times pertinent hereto, Hall was employed by Louisiana State University System ("LSU") as a registered nurse.

11.     Plaintiff's duties were performed at the medium exertional level in accordance with the Dictionary of Occupational Titles. (See DOT Classification Number 073.364-010.)

12.     Plaintiff was involved in an on-the-job accident on or before July 18, 2012.

13.     Ms. Hall suffered spinal injuries as a result of the accident.

14.     The injuries caused severe and debilitating pain and have prevented Plaintiff from returning to work in any capacity.

15.     After being absent from work for more than 90 days, Ms. Hall was dismissed from

employment.

## THE CLAIM

16.     Because of her disability, Plaintiff was entitled to benefits pursuant to the provisions of the Employee Welfare Benefit Plan sponsored by her employer.

17.     Defendant issued its disability insurance policy number 83116904 to the LSU System, providing insurance coverage for all disability claims.

18.     Hartford both administers and pays claims.

19.     Mrs. Hall filed her claim for disability benefits on or about November 5, 2012.

20.     After an initial delay, Defendant began paying indemnity benefits as of October 23, 2012.

21.     Plaintiff continued to suffer the debilitating pain in her back radiating down into her lower extremities.

22.     Because of her intractable pain, Hall's treating physician referred her to Dr. Rama Letchuman for pain management.

23.     Plaintiff continues to be treated by Dr. Letchuman and continues to suffer with debilitating pain with almost any exertion.

24.     Dr. Letchuman has advised that Ms. Hall is not capable of working in any capacity for 8 hours per day, 5 days per week.

25.     Defendant is well aware of the treating physician's opinion, and its right to have Plaintiff examined by a physician of its choice, though it has not done so.

26.     On or about October 24, 2014, Hartford terminated payment of disability benefits to Ms. Hall.

27.     Ms. Hall internally appealed the decision to terminate her benefits and Hartford reversed its decision.

28.     Hartford resumed paying benefits to Plaintiff.

29. Hartford terminated the payment of benefits once again on July 1, 2017.

30. Plaintiff again appealed and Defendant again reversed its decision and reinstated benefits.

31. On April 13, 2018, Dr. Letchuman filled out a a Hartford form entitled "Attending Physician's Statement", on which he opined that Plaintiff "has the mental and physical capacity to perform full-time light duty with the limitations of lifting up to 10 pounds frequently and 20 pounds occasionally."

32. The limitations placed on her by her treating physician prohibit Plaintiff from returning to work in her previous occupation of registered nurse.

33. There are no other occupations that are available to Plaintiff and within her ability to perform and at which she can earn substantially the same as she did before she became disabled.

34. Nevertheless, Hartford once again terminated benefits on April 30, 2018.

35. Ms. Hall once again appealed the decision to terminate her benefits but that appeal was denied on September 20, 2018.

36. Plaintiff is entitled to continued benefits for so long as she in unable to earn substantially the same as her pre-disability earnings or until she reaches normal retirement age, whichever is earliest.

37. In addition to the withheld benefits, Plaintiff is entitled to "a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court." La. Rev. Stat. 22:1821(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For an Order directing Defendants to reinstate the paymant of disability benefits to Plaintiff.

2. For an Order requiring Defendants to award to Plaintiff total disability benefits due and

owing her from May 1, 2018 to the present, including all cost of living adjustments and pre-judgment.;

3. For an award of a reasonable attorney's fee, at either $400 per hour or 35% of the total recovery, whichever is greater;

4. For an Order declaring that Plaintiff is to continue to receive disability benefits in the future for as long as she continues to qualify for benefits under the terms of the policy; and

7. For trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to LR 11.2, William T. Allison, LSBA Bar Roll No 2420, is designated as trial counsel.

>                   s/ William T. Allison
>                    William T. Allison
>                    LSBA Roll No. 2420
>                    PO Box 44560
>                    Shreveport, LA 711034-4560
>                    Telephone: (318) 734-0235
>                    Facsimile: (318) 935-0969
>                    E-Mail: bill@allisonlaw.com
>
>
>                    s/ William F. Kendig, Jr
>                    William F. Kendig, Jr.
>                    LSBA Roll No. 17,644
>                    Rice & Kendig, Attorneys at Law
>                    1030 Kings Hwy
>                    Shreveport, Louisiana 71104
>                    Telephone: (318) 222-2772
>                    Facsimile: (318) 222-6063
>                    Email: wfkendig@ricekendig.com
>
>                    ATTORNEYS FOR PLAINTIFF
>                    MELISSA R HALL