UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MELISSA R. HALL | CIVIL ACTION NO. 19-cv-0910 |
| VERSUS | JUDGE FOOTE |
| HARTFORD LIFE & ACCIDENT INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff filed this civil action against Hartford Life Insurance Co. to seek disability benefits pursuant to the provisions of an Employee Welfare Benefit Plan sponsored by her employer. The petition invokes this court's subject matter jurisdiction on the basis of 28 USC § 1332, which requires Plaintiff to allege facts showing complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The petition states that Hartford is "a foreign insurer and citizen of the State of Connecticut who is authorized to do and doing business in Louisiana." The petition does not allege Hartford's type of entity. If Hartford is a corporation, it is a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035,

1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

If Hartford is an LLC or other unincorporated entity, its citizenship is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff will need to file an amended complaint to allege Hartford's type of entity and facts that show its citizenship in accordance with these rules. Hartford is directed to provide Plaintiff with any necessary citizenship information so that this issue may be resolved quickly and efficiently.

Plaintiff's complaint against Hartford did not seek a specific amount of damages. It did allege that Plaintiff was entitled to recover past disability payments, attorney's fees, and an order that Plaintiff is to continue to receive disability benefits in the future. The prayer asked for judgment in the amount allowable under law "including bad faith damages," and it requested an award of "punitive damages as allowed under the statute."

Plaintiff, to establish jurisdiction, must include in her amended complaint a good faith allegation that the amount in controversy exceeds the statutory minimum of $75,000. The total amount in controversy may include a reasonable estimate of an award of attorney's fees, along with statutory penalties. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). Future disability benefit payments, however, are not included in the calculation of the amount in controversy. Jones v. Bockstruck, 2007 WL 1836652, *1-2 (W.D. La. 2007).

The court will not set a deadline for the filing of the amended complaint because Plaintiff may need to obtain citizenship information from counsel for Hartford. Plaintiff will need to file her amended complaint and establish jurisdiction before the court will set a scheduling conference. A motion for leave to amend will be required unless Plaintiff acts within the time allowed by Fed. R. Civ. Pro. 15(a).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of July, 2019.

Mark L. Hornsby
U.S. Magistrate Judge